**UNITED STATES of America**

v.

**Irving KAHN, Defendant.**

**No. 71 Cr. 1048.**

United States District Court,
S. D. New York.

Oct. 31, 1973.

Paul J. Curran, U. S. Atty., by John D. Gordan, III, Asst. U. S. Atty., New York City, for plaintiff.

Saxe, Bacon, Bolan & Manley, New York City, for defendant; Roy M. Cohn, New York City, of counsel.

MOTLEY, District Judge.

*Memorandum Opinion and Order on Motion to Reduce Sentence*

Now before the court is the motion of defendant Kahn to reduce the sentence imposed upon him on November 30, 1971. Kahn was convicted after trial by jury on 5 counts. In the first count he was charged with conspiring with his co-defendants, Teleprompter Corporation of which he was president, Mayor Kenneth Tompkins and City Councilmen Howard Deardorff and Robert McKee of Johnstown, Pennsylvania, to violate the Travel Act, 18 U.S.C.A. § 1952, by use of the mails and interstate travel to promote bribery. In counts 2, 3, and 4, defendants were charged with actually violating that Act on three separate occasions. Mr. Kahn was convicted on all four counts. In the fifth count Kahn, alone, was charged with and convicted of perjury with respect to certain testimony before the Grand Jury investigating the conspiracy and substantive charges. Conviction on each count carried a maximum penalty of five years in prison and a $10,000 fine, except for the perjury count where the maximum fine was $2,000.00.

Mr. Kahn was sentenced to 5 years on each of counts, 1, 2, 3, 4, and 5 to run concurrently. Teleprompter Corporation was fined $2,500 on each of the four counts on which it was convicted for a total of $10,000. Two of Kahn's co-defendants, Tompkins and Deardorff, pleaded guilty to the conspiracy count before trial and testified for the Government not only on the trial of Mr. Kahn and Teleprompter but also on the subsequent separate trial of the remaining co-defendant, Robert McKee. Tompkins was sentenced to a term of three years, the execution of his sentence was suspended, and he was placed on probation for a period of 2 years. Deardorff was sentenced to 18 months, execution suspended, and he was placed on probation for a period of 6 months. Robert McKee was sentenced to a term of three

years, having been convicted of the conspiracy count and two of the three substantive counts. He was acquitted as to the fourth count.

Both Mr. Kahn and Mr. McKee appealed their convictions to the Court of Appeals for this Circuit where their convictions were unanimously affirmed, 472 F.2d 272. Mr. Kahn sought certiorari in the United States Supreme Court which was denied on May 14, 1973.

■ The instant motion was filed on August 23, 1973. Reduction of Mr. Kahn's sentence is sought on the ground that since Mr. Kahn's imprisonment his wife and one of his daughters have experienced severe emotional trauma. Counsel for Mr. Kahn secured the services of a psychiatrist to examine both Mrs. Kahn and the daughter. There was submitted to the court the results of the psychiatrist's findings in writing and the court discussed same with him in camera. The court finds that the proffered grounds for reducing the sentence are insufficient.

■ However, at the time of the hearing of this motion, the court suggested to counsel that since the imposition of sentence a survey made by the United States Attorney for this District revealed that there appears to be disparities in sentencing in this Court between different classes of defendants. More specifically, it appeared that white collar criminals are dealt with more leniently than non-white collar criminals convicted of crimes which did not involve the use of violence. But it further appeared from the survey that the sentence given to Mr. Kahn was substantially greater than the average sentences given to so-called white collar criminals and, more particularly, to persons convicted of bribery and perjury in this District and somewhat greater than the national averages for these crimes. In view of the foregoing, it appeared to the court that this latter fact might be a basis for reduction of sentence.

The parties were thereupon directed to address themselves to this question. The parties have submitted briefs addressed to the following questions.

1) the propriety of considering on a motion to reduce sentence the need for eliminating disparities in sentences; and,

2) if such consideration is proper, whether the specific circumstances of this case call for modification on the basis of what appears to be a wide disparity.

The court has considered the briefs and concludes that the appropriate time to consider elimination of disparities in sentences would be at the time sentence is imposed and pursuant to mandatory criteria. Of course as we all recognize there are presently no mandatory criteria which must be applied by judges in determining an appropriate sentence and crimes carrying mandatory penalties are rare.[1] Until such time as mandatory sentences or mandatory criteria have been adopted and faithfully applied, there is simply no hope, in the view of this court, for resolving the problem of disparate sentences.

The court thus declines to reduce the sentence imposed on Mr. Kahn on the ground of wide disparity as urged by his counsel but will set forth now the reasons for the sentence initially given.

■ Mr. Kahn was convicted of what the court views as major crimes with serious societal consequences, i. e., the giving of a substantial sum of money to public officials to influence their official conduct with respect to a matter of major community interest and then lying under oath for the purpose of obstructing justice with respect to that crime. This was a case in which the president of a major corporation actually corrupted public officials in order to secure a substantial economic advantage over competitors with respect to the granting of a public franchise. The bribe was not simply the giving and taking of

1. A Second Circuit Committee was recently appointed to study the problem of disparate sentences.

money. It involved a carefully orchestrated subterfuge consisting of the payment of a sum of money to the son of Mayor Tompkins in New York City for work which was not in fact done and the payment of money for goods delivered by the Mayor's private enterprise which were not in fact delivered. Thus, the payment of the funds was to be made over an extended period of time. The bribery scheme also involved the falsification of company records to hide the true nature of the payments and the use of the mails and interstate travel to effect the criminal activity. In short, the bribery scheme was carefully planned and elaborately executed. It was not a thoughtless, spur of the moment, criminal act. Consequently, the societal interest in deterring such criminal activity was made manifest in this case, and the need for an effective deterrent by the imposition of a substantial prison sentence was clear.

Mr. Kahn was charged in two counts of perjury, one of which the Government dismissed before trial, but the evidence adduced at trial made it clear that Mr. Kahn could have been found guilty of both charges.[2] The charge of which he was found guilty consisted of his falsely testifying before the Grand Jury when he appeared before it the first time and stated that he had no specific recollection of the payments or why the payments had been made.

The court was, therefore, not faced with a minor criminal. Neither did it have before it an uneducated, inexperienced, young man who might have been enticed into criminal activity as a result of poverty. The court was dealing with a man who, in its judgment, fully understood what he was doing and had no excuse (at the time of sentence) for his conduct except the attainment of profits for his own company. In short, his excuse was the ends justified the means.

·In imposing sentence in this case the court took into consideration the fact that no federal prisoner is required to serve the entire sentence imposed. As in every other federal case, defendant will be eligible for parole after he has served one third of this sentence, in this case twenty months. In short, the federal criminal justice system has already had built into it provisions for an early release from custody.

After again reflecting upon the seriousness of the crime and the interest of society in having this kind of conduct deterred, the court concludes the sentence originally imposed should not be modified.

So ordered.

---

2. In the first perjury count Mr. Kahn was charged with falsely testifying before the grand jury when he appeared before it the first time and stated that he had no specific recollection of the payments or why the payments had been made. In the second perjury count Mr. Kahn was charged with making a false statement to the grand jury. Mr. Kahn was convicted on the first perjury count, the second count having been dismissed.